NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J. N., by and through his next friend, Cheryl Cisneros; E. O., by and through his next friend, Alisha Overstreet; J. V., by and through his next friend, Sarah Kaplansky; B. M., by and through his next friend, Traci Modugno; on behalf of themselves and all others similarly situated; COUNCIL OF PARENT ATTORNEYS AND ADVOCATES, INC., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> OREGON DEPARTMENT OF EDUCATION; CHARLENE WILLIAMS, Dr.; in her official capacities as Director of Oregon Department of Education and Deputy Superintendent of Public Instruction for the State of Oregon; TINA KOTEK, in her official capacities as Governor and Superintendent of Public Instruction for the State of Oregon, <br><br> Defendants - Appellees. | No. 24-2080 <br><br> D.C. No. 6:19-cv-00096-AA <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted June 6, 2025
San Francisco, California

Before: CALLAHAN and LEE, Circuit Judges, and RASH, District Judge.[**]

Several students with disabilities sued the Oregon Department of Education and individual defendants (collectively, "ODE") for allegedly not providing an adequate education under federal law. In their class action lawsuit, they claim that ODE violates federal law by failing to implement adequate policies and procedures to prevent Oregon school districts from inappropriately placing students with disabilities on shortened school days (SSDs). After the Oregon legislature passed a new law (Senate Bill 819) regulating SSDs in 2023, the district court dismissed Plaintiffs' claims as moot. 2023 Or. Laws ch. 290. Plaintiffs appeal that order, and we have jurisdiction under 28 U.S.C § 1291.

The district court found S.B. 819 completely addressed three of the four ways that Plaintiffs allege ODE's policies and practices fall short: (a) lack of policies or procedures that require the systemic collection of data about students on SSDs, (b) failure to proactively monitor school districts' compliance with state and federal laws, and (c) funding school districts using a formula that encourages districts to abuse SSDs. The district court also found that ODE's own changes to its policies

---

[**] The Honorable Scott H. Rash, United States District Judge for the District of Arizona, sitting by designation.

and practices provided complete relief for Plaintiffs' fourth harm that ODE fails to provide training, technical assistance, and resources to prevent school districts' inappropriate use of SSDs.

We disagree that either S.B. 819 or ODE's own voluntary changes entirely mooted any of Plaintiffs' claims. We reverse and remand for the district court to address the merits of those claims.

1. Plaintiffs' claims are not moot. A case becomes moot when "events in the world overtake those in the courtroom" and the plaintiffs obtain "all the relief" they "might have won" in the litigation. *F.B.I. v. Fikre*, 601 U.S. 234, 240 (2024). But federal courts have a "'virtually unflagging obligation' to hear and resolve questions properly before" them, *id.* (citation omitted), so a case is moot only "when it is impossible for a court to grant *any effectual relief whatever* to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (citation omitted) (emphasis added).

If a defendant ceases its challenged conduct while litigation is ongoing, that "'voluntary cessation . . .' will moot a case only if the defendant can show that the practice cannot 'reasonably be expected to recur.'" *Fikre*, 601 U.S. at 241 (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 189 (2000)). Government defendants asserting mootness must meet that "formidable burden" just like any private defendant must. *Id.*; *see also Bell v. City of Boise*, 709 F.3d 890, 898–99 (9th Cir. 2013).

The district court, however, held that ODE enjoyed a presumption of mootness on many of the claims based on our rule "that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot." *Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (shifting burden to plaintiffs to show "a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it"). That was error. Defendants may invoke the presumption only in actions *challenging legislation*. The presumption does not apply where Plaintiffs do not challenge the legality of any state statute. Plaintiffs here never alleged Senate Bill 263—the prior law addressing SSDs that S.B. 819 repealed, 2017 Or. Laws ch. 322—was contrary to federal law. Nor did Plaintiffs claim S.B. 819 is unlawful. Plaintiffs challenge only the state agency's allegedly deficient policies and practices. S.B. 819 may bear on those policies and practices, but that does not entitle ODE to a presumption of mootness. So the "formidable burden" to prove mootness sits squarely on ODE's shoulders. *Fikre*, 601 U.S. at 241.

Under these standards, the district court erred by finding that S.B. 819 fully addressed three of Plaintiffs' alleged harms. First, although S.B. 819 somewhat addresses two of the alleged harms—ODE's lack of data collection and failure to monitor compliance—the law does not provide complete relief to either. Second, S.B. 819 does not address Plaintiffs' allegations about ODE's funding formula. So,

S.B. 819 provides at best partial relief to two of Plaintiffs' alleged harms, and it fails to render any claim entirely moot.

ODE also argues that its own changes in policies and practices provide whatever relief Plaintiffs seek beyond what S.B. 819 newly required. But ODE's voluntary changes, such as its new hires or redesigned general supervision system, "could be easily abandoned or altered in the future," so Plaintiffs still have an interest in the outcome of this suit. *Bell*, 709 F.3d at 901. ODE also has not shown that its alleged lack of training and resources for school districts cannot "reasonably be expected to recur" upon dismissal of this lawsuit, so its changes fail to provide relief. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014). In sum, ODE's voluntary changes in this case are insufficient to moot any of Plaintiffs' claims under the voluntary cessation doctrine.

2. The factual record is stale and would benefit from limited discovery. While Plaintiffs' claims are not moot on the record before us, it is worth noting that the facts in this record are outdated. Discovery apparently concluded in 2022—before the enactment of S.B. 819—and the parties' latest estimates of the number of students with disabilities placed on SSDs are from the fall of 2023. But S.B. 819 significantly increased the regulation of SSDs, and the number of students with disabilities placed on SSDs today, almost two years after the enactment of S.B. 819, may differ from the parties' last estimates. Both parties had pending motions for

summary judgment before the district court dismissed this case as moot, but the factual record has shifted significantly since then.

When evaluating the merits of Plaintiffs' claims on remand, the district court should consider whether to reopen discovery for the limited purposes of (1) allowing the parties to determine if and how S.B. 819 has affected the use of SSDs in Oregon, and (2) determining how ODE has implemented S.B. 819's new requirements since the law's enactment. For instance, how often Oregon school districts continue to place students on SSDs post-S.B. 819 seems crucial for evaluating Plaintiffs' claims that under federal law ODE must do more to protect students. To add another example, if Plaintiffs' complaints about ODE's lack of data collection are intertwined with S.B. 819's new reporting requirements, the record is silent on how consistently or accurately school districts have reported the newly required data in the past two years. In all, limited discovery may aid the district court in evaluating each of Plaintiffs' claims on summary judgment and/or at trial.

The district court's order granting the motion to dismiss for lack of subject matter jurisdiction is **REVERSED and the case REMANDED**.